

# U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Southern Division*



mar

*Rod J. Rosenstein*
*United States Attorney*

*James A. Crowell IV*
*Assistant United States Attorney*

*400 United States Courthouse*
*6500 Cherrywood Lane*
*Greenbelt, MD 20770-1249*

*301-344-4433*

*301-344-4235*
*FAX 301-344-4516*
*james.a.crowell@usdoj.gov*

June 23, 2008

W. Thomas Stovall II, Esq.
2106 Dorking Run
Upper Marlboro, MD 20774

Leonard L. Long, Jr., Esq.
1818 11th Street, NW
Washington, DC 20001

> **Re:** **United States v. Richard Allison,**
> **Criminal No.**

Dear Messrs. Stovall and Long:

This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by July 9, 2008, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1. The Defendant agrees to waive indictment and plead guilty to a one-count Information to be filed against him, which charges him with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a. First, that two or more persons entered the unlawful agreement charged in the Superseding Information; and

November 2006

RECEIVED

8 JUL -9 P 1: 49

ED STATES ATTORNEY
GREENBELT. MD

b.    Second, that the defendant knowingly and willfully became a member of the conspiracy.

## Penalties

3.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: 30 years imprisonment, $250,000 fine, and 5 years supervised release. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Obligations of Defendant

5. The Defendant agrees to cooperate with this Office on the following terms and conditions:

a. The Defendant shall fully and truthfully respond to all questions put to him by federal law enforcement authorities and other designated law enforcement officers. The Defendant shall fully and truthfully disclose to the government all information with respect to his activities and the activities of others concerning all matters as to which the government may choose to inquire. The Defendant shall promptly turn over to the government any documents or other tangible evidence in his possession or under his control that are in any way relevant to any such matters. The Defendant agrees that the Statement of Facts is limited to information sufficient to support the guilty plea. The defendant has provided or will provide more detailed facts in the course of the debriefings contemplated by this paragraph.

b. The Defendant shall cooperate completely with federal law enforcement authorities and any other law enforcement agency designated by this Office in any

3

matter as to which his cooperation may be required. The Defendant shall comply with any and all reasonable instructions from such authorities with respect to the specific assistance that he shall provide.

c.     In connection with criminal investigations by federal law enforcement authorities, the Defendant shall act in an undercover capacity to the best of his ability, and allow such authorities to monitor and tape record conversations with persons who are believed to be engaged in criminal conduct. The Defendant will fully comply with all reasonable instructions and directions of law enforcement authorities in this connection. Any such assistance the Defendant may provide to federal criminal investigators must be pursuant to the specific instructions and control of this Office and designated investigators.

d.     The Defendant shall testify fully and truthfully before grand juries and at any trial and other court proceeding with respect to any matters about which this Office may require his testimony.

e.     The Defendant shall bring to this Office's attention all crimes which he has committed, and all proceedings, investigations, or prosecutions in which he knows he has been or is a subject, target, party, or witness.

f.     The Defendant shall not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case, and shall not violate any regulation of the institution in which he is detained.

g.     The Defendant agrees to waive and relinquish any right or entitlement to all transportation, housing, per diem and witness fees relative to all grand jury and Court appearances which may be required as part of his cooperation.

h.     To the extent that counsel is not present during the course of the Defendant's cooperation, the Defendant knowingly and expressly waives his right to have counsel present during communications with federal, state, and local law enforcement authorities.

## Advisory Sentencing Guidelines Apply

6.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

4

## Factual and Advisory Guidelines Stipulation

7.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a.      The base offense level is **7** under U.S.S.G. § 2B1.1(a)(1);

b.      An **8** level specific offense characteristic increase applies under U.S.S.G. § 2B1.1(b)(1)(E), because the loss attributable to the Defendant was at least $70,000 but not more than $120,000; and

c.      This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The final offense level is **13**.

8.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

10.      The Defendant reserves the right to argue for any factor that could take the sentence outside of the advisory guidelines range and will notify the Court, the United States Probation Officer and government counsel at least ten days in advance of sentencing of the facts or issues he intends to raise.

5

## Restitution

11. The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Licensure

12. The Defendant understands and agrees that the status of his professional license is not a subject of this agreement and is a matter solely within the discretion of the appropriate licensing authority.

## Immunity

13. In order to permit the Defendant to make disclosures to the government under this agreement, any information and documents that he fully and truthfully discloses to the government during the course of his cooperation pursuant to this agreement will not be used against him, directly or indirectly, by this Office in any federal criminal case, except as set forth below.

## Obligations of the United States Attorney's Office

14. If the Defendant fully complies with all of the terms of this agreement, then in connection with the Defendant's sentencing, this Office will inform the Probation Office and the Court of (I) the nature and extent of the Defendant's cooperation; and (ii) all other information with respect to the Defendant's background, character, and conduct which this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment that this Office has agreed to dismiss at sentencing.

15. If this Office determines that the Defendant has provided substantial assistance in an investigation or prosecution of others, and if he has fully complied with all of his obligations under this agreement, this Office will make a motion, pursuant to U.S.S.G. § 5K1.1, requesting that the Court sentence the Defendant in light of the advisory factors set forth in § 5K1.1(a)(1)-(5) and requesting a downward departure of up to **2** levels. This Office shall have sole discretion in determining whether the Defendant has provided such substantial assistance and, therefore, whether to make any motion pursuant to § 5K1.1. This Office is not obligated to use the

6

Defendant's cooperation or assistance in any matter. This Office's determination whether the Defendant has provided substantial assistance will not depend in any way on the outcome of any trial or other proceeding. If this Office makes a motion for a departure under § 5K1.1, the Defendant is not bound by the departure level recommended by this Office. The Defendant understands that should this Office determine that the Defendant has not provided substantial assistance in an investigation or prosecution, such a determination will release this Office from any obligation to make a motion pursuant to § 5K1.1, but will not entitle the Defendant to withdraw his guilty plea once it has been entered. It is understood that, even if such a motion is made, the sentence to be imposed on the Defendant remains within the sole discretion of the Court.

16.     At the time of sentencing, this Office will recommend a sentence withing the advisory guidelines range.

17.     The Defendant acknowledges that this agreement does not bind any federal, state, or local prosecuting authority other than this Office. The Defendant acknowledges that no representations have been made to him with respect to any tax, civil or administrative consequences that may result from this guilty plea. If requested to do so by the Defendant, this Office will bring the cooperation of the Defendant to the attention of other prosecuting offices.

## Waiver of Appeal

18.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of **13**, and this Office waives any right to appeal from any sentence within or above the advisory guidelines range resulting from an adjusted base offense level of **13**. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35 (a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

16.     If the Defendant elects not to file an appeal, Counsel will notify the Court and this Office within ten (10) days of the imposition of sentence that the Defendant has chosen not to appeal.

## Court Not a Party

17.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the

7

Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Remedies for Breach

18. It is understood that if the Defendant commits any further crimes, or if it is determined that the Defendant has knowingly withheld information; given false, incomplete, or misleading testimony or information; falsely implicated an innocent person in the commission of a crime, exaggerated the involvement of any person in the commission of a crime in order to appear cooperative, or falsely minimized the involvement of any person or himself in the commission of a crime; engaged in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1; or failed to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report; or if the Defendant otherwise fails in any way to fulfill completely each and every one of his obligations under this agreement, then this Office will be released from its obligations under this agreement and may recommend to the Court any sentence that this Office considers appropriate, up to and including the maximum possible sentence. In addition, the Defendant shall be subject to prosecution by this Office for any federal criminal violation of which this Office has knowledge, including but not limited to perjury, false declaration, false statement and/or obstruction of justice, and the offenses charged in the other counts of the Indictment that would otherwise have been dismissed at sentencing.

a. This Office may use as evidence in any criminal proceeding all statements made by the Defendant to this Office or other designated law enforcement agents, any testimony given by the Defendant before a grand jury or other tribunal, and any documents or other tangible evidence provided by the Defendant, whether prior to or subsequent to the signing of this agreement, and any leads therefrom. The Defendant shall assert no claim that such statements or any leads therefrom should be suppressed.

8

b.     Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

19.     Whether or not the Defendant has violated the terms of this agreement shall be determined by the Court in an appropriate proceeding at which his disclosures and documents shall be admissible and at which this Office shall be required to establish his breach by a preponderance of the evidence. The Defendant understands and agrees that he shall not be relieved of his obligations under this agreement or permitted to withdraw his guilty plea solely because this Office is relieved of any or all of its obligations under this agreement.

## No Protection from Certain Prosecutions

20.     Nothing in this agreement shall be construed to protect the Defendant in any way from prosecution for perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001; obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, 1510, or 1512; or any crime of violence or other offense committed by him after the date of this agreement. The information and documents that he discloses to the government pursuant to this agreement may be used against him in any such prosecution.

## Sentencing May Be Deferred

21     The Defendant waives and agrees to waive any rights under the Speedy Trial Act, and he understands that his sentencing may be delayed until his cooperation has been completed so that at sentencing the Court will have the benefit of all relevant information. The Defendant hereby consents to such postponements of his sentence as may be requested by this Office.

## Entire Agreement

22.     This agreement supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
James A. Crowell IV
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7/9/08
Date

_____
Richard Allison, Esq.

We are Richard Allison's attorney. We have carefully reviewed every part of this agreement with him. He advises us that he understands and accepts its terms. To our knowledge, his decision to enter into this agreement is an informed and voluntary one.

7-9-08
Date

_____
W. Thomas Stovall II, Esq.

July 9, 2008
Date

_____
Leonard L. Long, Jr., Esq.